# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BRANDON WILLARD #170112, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00823 |
| | ) | |
| BLAIR LEIBACH, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Brandon Willard, an inmate confined in the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights. (Doc. No. 1.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis ("IFP"). (Doc. No. 2.) In addition, the complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

However, under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Administrator of the Metro-Davidson County Detention Facility to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued

compliance with this Order.

## II. INITIAL REVIEW

### A. Standard

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed IFP, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

Plaintiff alleges that he was told while at another facility that he has a hernia. (Doc. No. 1 at 11.) He says that on October 8, 2018, months after he arrived at MDCDF, Dr. James Bridges

3

felt Plaintiff's hernia and ordered a CT scan, which was done on October 25, 2018. (*Id.*) Since that time, Dr. Bridges and nurse practitioner Janet Usher tell him he does not have a hernia, but they refuse to refer him to a specialist for further tests or treatment. (*Id.*) Plaintiff alleges that he is in "very bad pain" and that "it has been 13 months now." (*Id.*)

Plaintiff also alleges that he has pain in one of his teeth when he eats, and that on October 8, 2018, the dental assistant Ms. Byles x-rayed the tooth and told him he would see the dentist the next day. (*Id.*) But Plaintiff did not see the dentist (presumably the Dr. Bachali named as a Defendant to the lawsuit specifically with regard to the dental claim (*see* Doc. No. 1 at 7, 9)) until February 11, 2019. (*Id.*) Plaintiff alleges the dentist "would not fix teeth[,] only wanted to pull teeth." (*Id.*) Plaintiff apparently declined to have his tooth pulled, but on October 13, 2018, a filling fell out of one of his teeth. (*Id.*) Now, he alleges, he has "two teeth that can be saved but dentist wants to pull." (*Id.*) Furthermore, he alleges that he has a wisdom tooth that does need to be extracted because it is painful and prone to infections, but "they won't do that either." (*Id.*) Plaintiff alleges that he has experienced pain when eating for the last year. (*Id.*)

In addition to the four individuals mentioned in Plaintiff's factual claims above, whom he sues in their official and individual capacities, Plaintiff also sues Warden Blair Leibach, Assistant Warden Corlew, Desirie Andrews, nurses Diane Heath and Teresa Clark, Core Civic, and Correct Care Solutions. For relief, Plaintiff seeks surgery, unspecified fees, costs and money damages, and any other appropriate relief. (Doc. No. 1 at 11.)

**C.    Analysis**

Prison conditions violate the Eighth Amendment when they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and

4

wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he has been in severe pain for thirteen months and that Defendants Bridges and Usher have refused to provide or authorize any further diagnostic testing or adequate treatment for his pain since ruling out a hernia in October 2018 is sufficient to state a colorable claim against those Defendants in their individual capacities under that standard. However, because he does not allege facts indicating that the alleged deprivation is the result of any corporate custom or policy, Plaintiff fails to state a claim against either Defendant in their official capacities[1] or against Core Civic or Correct Care Solutions themselves. *See Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that an inmate only states a claim against a

---

[1] Regardless of whether the individual Defendants are employed by the Metropolitan Government or a private corrections contractor, suits against them in their official capacities are the equivalent of suits against their employers. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (explaining that suit against government employee in official capacity is "essentially a suit directly against the local government unit"); *Galloway v. Swanson*, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28, 2012), *aff'd sub nom. Galloway v. Anuszkiewicz*, 518 F. App'x 330 (6th Cir. 2013) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself.").

corporation performing traditional state functions when he alleges that his injury was caused by an action taken pursuant to some official policy or custom); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (holding local government is liable under Section 1983 only when violation occurs pursuant to government's policy or custom).

Plaintiff also states a claim against Dr. Bachali in his individual capacity pertaining to his dental treatment, both with regard to the failure to treat his painful and infection-prone wisdom tooth and the allegedly unnecessary preference to extract Plaintiff's other teeth rather than treat them. The Sixth Circuit "has found dental health to be of great importance" for inmates. *Flanory v. Bonn*, 604 F.3d 249, 255 (6th Cir. 2010). Ordinarily, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5). In the context of another case about an inmate's dental treatment, the Sixth Circuit elaborated on that standard:

> [P]rison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Indeed, deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment."

*McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008). Accordingly, a treatment plan involving the unnecessary extraction of teeth that could be saved by other treatment is sufficient to state a colorable claim for deliberate indifference under Section 1983. *Chance v. Armstrong*, 143 F.3d 698 (1998) (discussed with approval in *McCarthy*); *see also Johannes v. Washington*,

No. 14-cv-11691, 2015 WL 5634446 (E.D. Mich. Sept. 25, 2015) (denying without prejudice inmate-plaintiffs' motion to certify class but allowing discovery to proceed in case involving "alleged policy of extracting teeth instead of repairing them").

However, aside from having taken an x-ray in October 2018, Plaintiff does not allege that Ms. Byles has had any personal involvement in his dental issues, or that she has the authority to treat him personally or to alter Dr. Bachali's plan of treatment. And again, because Plaintiff does not allege that Dr. Bachali's refusal to pull his wisdom tooth or to treat his other teeth by any method other than extraction is the result of any corporate policy, he fails to state a claim against Dr. Bachali in his official capacity. *See Thomas*, 55 F. App'x at 749.

Similarly, Plaintiff's statement of facts does not implicate any of the other named Defendants in his medical or dental treatment or lack thereof. To the extent Plaintiff names Warden Leibach or any other Defendant simply because of their supervisory capacities, the law is clear that supervisors are not liable under Section 1983 for the actions of their subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983). The Sixth Circuit has explained that liability under Section 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). Although Plaintiff vaguely mentions having filed a grievance at some point, an alleged failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir.

2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation...."). Accordingly, Plaintiff fails to state a claim against any Defendant other than Bridges, Usher, and Bachali.

### III. FURTHER PROCEEDINGS

The Clerk is **DIRECTED** to **ISSUE PROCESS** to Defendants Bridges, Usher, and Bachali at the address provided in the complaint. All other Defendants to this lawsuit are **DISMISSED**, without prejudice to Plaintiff's ability to file a timely amended complaint alleging facts establishing their liability in the alleged violation of his Eighth Amendment rights.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE